# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Miscellaneous Case No. 3:26-mc-00001

| | |
|---|---|
| IN RE: SUBPOENAS TO KELLIE WALKER | **MOTION FOR A RULE 45(F) TRANSFER TO THE DISTRICT OF NEW JERSEY OR, ALTERNATIVELY, TO COMPEL DISCOVERY FROM NON-PARTY KELLIE WALKER** |
| Underlying Litigation: *Almonte, et al. v. Federal Express Corp., et al.*, No. 1:23-cv-03224-KMW-MJS United States District Court for the District of New Jersey | |

Pursuant to Federal Rules of Civil Procedure 26, 37, and 45, and Local Rule 7.1(a), Defendants Federal Express Corporation ("FedEx") and Automotive Rentals, Inc. ("ARI") (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court for an Order Transferring this Dispute to the District of New Jersey under Federal Rule of Civil Procedure 45(f) or, alternatively, Compelling Non-Party Kellie Walker ("Walker") to Produce Responsive Documents and Appear for an In-Person Deposition (the "Motion"). Defendants show as follows in support:

1. On October 26, 2025, Defendants served two subpoenas on Walker at her Sumter, South Carolina residence in connection with a lawsuit pending in the United States District Court for the District of New Jersey captioned *Almonte et al. v. Federal Express Corporation, et al.*, No. 1:23-cv-03224-KMW-MJS ("*Almonte*"). Specifically, Defendants served one subpoena for documents (the "Document Subpoena") and one to testify at an in-person deposition (the "Deposition Subpoena") (collectively, the "Subpoenas). (**Exhibit A** (Subpoenas) & **Exhibit B** (Affidavit of Service for the Subpoenas).) The District of New Jersey issued the Subpoenas. (Exhibit A.)

2. The Document Subpoena had a November 13, 2025 compliance date. (*Id.*) The Deposition Subpoena noticed Walker for an in-person deposition on December 4, 2025.[1] (*Id.*) The Subpoenas listed Fox Rothschild's Charlotte, North Carolina office as their compliance location[2] and included a copy of Federal Rules of Civil Procedure 45 (c), (d), (e), and (g). (*Id.*)

3. On November 7, 2025, Walker responded to the Subpoenas agreeing to appear for a deposition at Fox Rothschild's Charlotte office on an alternative date (December 12, 2025). (**Exhibit C** (Nov. 7, 2025 Letter to Defendants).) For the Document Subpoena, Walker stated that she has no documents for Requests 3 and 7 and refused without explanation or objection to produce documents responsive for Requests 1, 2, 4, 5, and 6. (*Id.*)

4. On November 20, 2025, Defendants explained to Walker why the Document Subpoena sought discoverable information and informed her that a blanket refusal to produce responsive documents was improper. (**Exhibit D** (Defendants' Nov. 20, 2025 Letter to Walker).)[3] Defendants then gave Walker another opportunity to comply with the Document Subpoena. (*Id.*)

5. For Walker's deposition, Defendants advised that they were unavailable on December 12, 2025 and that her document production was a prerequisite to proceeding with the deposition, which would be rescheduled for a mutually agreeable date after receiving Walker's production. (*Id.*)

---

[1] Defendants contemporaneously provided Walker with a check for the witness fee and reimbursement of the roundtrip mileage for travelling to the deposition. (*See id.*)

[2] Walker's residence at 215 Lesesne Drive, Sumter, South Carolina and Fox Rothschild's office at One South 101 S. Tyron Street, Suite 1700 Charlotte, North Carolina are within 100 miles of each other measured in a straight line. (**Exhibit K** (Google Maps Screenshot)); *see Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, 2025 WL 906280, at *1 (D. Md. Mar. 25, 2025) (stating that Rule 45(c)'s 100-mile radius is measured in a straight line, not by driving route).

[3] The exhibits attached to this letter are already Exhibits to this Motion and therefore have been omitted for efficiency's sake.

6. Walker responded the next day, improperly accusing Defendants of harassment and intimidation and enclosing a motion to quash the Subpoenas and a request for a protective order that she was filing with the District of New Jersey. (**Exhibit E** (Nov. 21, 2025 Email from Walker to Defendants).)

7. On November 24, 2025, the District of New Jersey received and filed Walker's motion, which she then amended the next day. *Almonte* Docket, ECF 52.

8. On December 17, 2025, Defendants informed Walker that a motion to quash (and this Motion) must be filed in the Western District of North Carolina – the federal court sitting in Charlotte, North Carolina where compliance with the Subpoenas is required. (**Exhibit F** (Dec. 17-18, 2025 Emails between Defendants and Walker)); Fed. R. Civ. P. 37(a)(2), 45(d)(3). Since Walker was already seeking relief in New Jersey, Defendants asked Walker to confirm her consent to transferring this Motion (and the entire dispute related to the Subpoena) to the District of New Jersey, which they thought would be a simple request given that Walker had already asked the District of New Jersey to rule on her motion. (Exhibit F.)

9. Instead of confirming her consent, Walker instead responded by stating (for the first time in connection with this entire dispute) that she needed to consult with an attorney and required "at least until January 16, 2026" to "possibly" respond to Defendants' request. (*Id.*)

10. On December 22, 2025, Defendants filed their opposition to Walker's motion in the District of New Jersey, as well as a cross-motion for a temporary stay of Walker's motion pending this Motion and a decision from this Court on Defendants' Rule 45(f) transfer request.[4] *See Almonte* Docket, ECF 53.

---

[4] Defendants' opposition addressed Walker's false and baseless harassment and intimidation allegations, which they can do again here with this Court, if necessary. Defendants have also addressed the same allegations in the NVF Litigation.

11. Walker's motion and Defendants' cross-motion are pending before the District of New Jersey and were both returnable yesterday, January 5, 2026. *Almonte Docket*, Clerk's Nov. 24, 2025 Text Entry and ECF 53.

12. Rule 37(a)(2) states that a motion compelling nonparty discovery "must be made in the court where the discovery is or will be taken." *See also* Fed. R. Civ. P. 45(d)(2) (providing the same jurisdictional requirement for an order compelling production under a document subpoena). Here, as described above, Walker has refused without objection to produce responsive documents and has apparently withdrawn her agreement to appear for a deposition – necessitating this Motion.

13. Additionally, Rule 45(f) permits transferring a motion to compel (or quash) from the compliance court to the issuing court where the subpoenaed person consents or in "exceptional circumstances."

14. As detailed in Defendants' brief filed in support of this Motion, a transfer of the entire dispute related to the Subpoenas to the District of New Jersey is warranted because Walker has already demonstrated her consent to proceeding there by requesting affirmative relief from that court. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("[A]n individual may submit to the jurisdiction of the court by appearance."); *Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co.*, 37 F.2d 695, 701 (4th Cir. 1930) (stating that a general appearance is entered by "invok[ing] the judgment of the court in any manner upon any question, except that of the power of the court to hear and decide the controversy"); *Revman Int'l, Inc. v. SEL Mfg. Co.*, 2019 WL 10893956, at *8 (D.S.C. Mar. 26, 2019) (same).

15. Moreover, "exceptional circumstances" exist because a transfer to the District of New Jersey avoids parallel proceedings that could result in inconsistent rulings, promotes efficiencies, and saves judicial resources.

16. Defendants and Walker are currently litigating the enforceability of the Subpoenas in two District Courts. Walker's motion seeks, in part, a protective order in the District of New Jersey, which the Federal Rules permit seeking there because it is where *Almonte* is pending. Fed. R. Civ. P. 26(b)(1) ("[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."). However, this Motion and the portion of Walker's motion seeking to quash the Subpoenas must be resolved here in "the court for the district where compliance is required" unless and until this Court transfers the matter to the District of New Jersey. Fed. R. Civ. P. 37(a)(2), 45(d), and 45(f); *see Sacks Holdings, Inc. v. Grin Nat. USA Ltd.*, 2024 WL 3535390, at *2 (M.D.N.C. July 25, 2024).

17. The District of New Jersey is also better positioned to make relevance and proportionality rulings related to the Subpoenas because it is more familiar with the allegations, claims, and defenses at issue in *Almonte* – a complex class action lawsuit. In addition to presiding over *Almonte* since it was filed over two and a half years ago, the District of New Jersey analyzed the "odometer fraud" allegations at issue in *Almonte* when it previously dismissed the initial complaint with leave to amend. *See Almonte* Docket, ECF 25.

18. Transferring this Motion (and the entire dispute related to the Subpoenas) to the District of New Jersey imposes little to no burden on Walker. As explained above, Walker has already appeared voluntarily in the District of New Jersey. *Almonte* Docket, ECF 52. Her motion is proceeding on the papers before the Honorable Mathew J. Skahill, U.S.M.J. and requires no appearance. *Almonte* Docket, Clerk's Nov. 24, 2025 Text Entry. Even if Walker needed to appear,

Judge Skahill "is amenable to telephone conferences, particularly on . . . discovery matters." Judicial Preferences of Mathew J. Skahill, U.S.M.J., "Telephonic Conferences," https://www.njd.uscourts.gov/content/matthew-j-skahill (last visited on Jan. 5, 2026).

19. Alternatively, should this Court decide not to transfer this dispute to the District of New Jersey, Defendants respectfully request that Walker be ordered to produce responsive documents and appear for an in-person deposition as provided in the Subpoenas.

20. Walker's categorical refusal to produce responsive documents waived any objection to the Document Subpoena. *Long v. City of Concord*, 2022 WL 16916368, at *2 (E.D.N.C. Nov. 14, 2022) ("The failure to serve written objections to a subpoena [within fourteen days after service, at the latest] typically constitutes a waiver of such objections."). Further, independent of waiver with respect to the Document Subpoena, **both** Subpoenas seek information and documents that are relevant to issues in *Almonte* and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

21. *Almonte* is a putative class action brought by several plaintiffs (the "Named Plaintiffs") alleging that Defendants engaged in a nationwide "odometer fraud" scheme involving the "remarketing" of former FedEx delivery fleet vehicles ("Step Vans") by ARI purchasing those vehicles from FedEx and reselling them into the secondary market. (**Exhibit G** (Am. Compl. in *Almonte*), ¶¶ 26-30, 44-47.) According to the Named Plaintiffs, Defendants replaced the original odometers in these former FedEx Step Vans with "aftermarket odometers," reset them to zero miles, and failed to disclose in subsequent sales both the replacements and that the displayed mileage on their odometers "did not show the accumulated true mileage on the vehicles." (*Id.* at Introduction & ¶¶ 57-73.) The Named Plaintiffs allege this purported scheme began "in or around 2011" and expanded significantly thereafter. (*Id.* at ¶ 44.)

22. In addition to *Almonte*, there is another lawsuit pending in the Eastern District of California asserting a similar "odometer fraud" claim against Defendants, though on an individual, and not a proposed class basis. *See Nevada Fleet LLC v. Federal Express Corp., et al.*, No. 17-cv-01732-DAD-CSK (E.D. Cal) (the "NVF Litigation").

23. In June 2025, Walker submitted a declaration in the NVF Litigation that was filed on the docket. (**Exhibit H** (Walker Decl.).) The Walker Declaration alleges that she worked at ARI from January 2001 to July 2023, primarily in ARI's vehicle remarketing department, and that Walker participated in selling hundreds of former FedEx Step Vans during 2012-2016. (*Id.* at ¶¶ 3-4.) The Walker Declaration further alleges that she was aware of "aftermarket (replaced) odometers" in the former FedEx vehicles remarketed by ARI, knew the mileages at which they were sold, and that she never saw written notice of a replacement affixed to any remarketed FedEx vehicles despite purportedly reviewing "thousands" of sales during her 22.5 years at ARI. (*Id.* at ¶¶ 6-7.)

24. Defendants dispute these allegations. Nonetheless, Defendants are entitled to explore those issues and subjects in discovery because the Named Plaintiffs have put them squarely at issue in *Almonte* through their allegations and discovery requests. Fed. R. Civ. P. 26(b)(1) (proportionality considers the importance of the issues at stake and the discovery to those issues).

25. There is significant factual overlap between *Almonte* and the NVF Litigation, where Walker has inserted herself. Both cases allege the same "odometer fraud" scheme, including the same start date (in or about 2011), the same vehicles at issue (former FedEx Step Vans), and the same alleged conduct (no notice of replacements affixed to the vehicles or disclosed elsewhere when transferring them after a sale). (*Compare* Exhibit G (Am. Compl. in *Almonte*) ¶¶ 37-40, 44-46, 62-63, 65, *with* Exhibit I (Third Am. Compl. in the NVF Litigation) ¶¶ 48-54, 70, 74, 145-46,

159-60.)

26. The Named Plaintiffs have explicitly identified the NVF Litigation as a "related case" and repeatedly reference it in their Amended Complaint. (**Exhibit J** (Mot. for Leave to File Supp. Authority in *Almonte*) ¶¶ 5-6; Exhibit G (Am. Compl. in *Almonte*), ¶¶ 31-35, 38, 55 n. 4, 68, 83, 102, 120, 139.) The Named Plaintiffs have also previously obtained and incorporated discovery from the NVF Litigation into dozens of their allegations. (*See* Exhibit G (Am. Compl. in *Almonte*) ¶¶ 32-68; **Exhibit L** (Buchter Decl.) ¶¶ 3-4.)

27. Additionally, the month before Defendants served the Subpoenas on Walker, the Named Plaintiffs advised that they were contemplating discovery from several former ARI employees. (Exhibit L (Buchter Decl.) ¶ 5.) Defendants reasonably understood that group to include Walker given that the Walker Declaration was recently submitted in the NVF Litigation. The Named Plaintiffs have indicated during meet-and-confer discussions that they are actively monitoring the NVF Litigation and reviewing docket filings, which would include the Walker Declaration. (*Id.* at ¶ 6.)

28. Thus, the Subpoenas seek information and documents put at issue in *Almonte* by the Named Plaintiffs as part of their allegations and case theory, but also Walker herself by submitting a sworn declaration on those subjects.

29. Pursuant to Local Rule 7.1(c), Defendants are submitting a supporting brief contemporaneously with this Motion.

**WHEREFORE**, Defendants respectfully requests that this Motion be granted insofar as it and the entire dispute between Defendants and Walker related to the Subpoenas be transferred to the District of New Jersey for full adjudication on the merits, pursuant to Federal Rule of Civil Procedure 45(f). Alternatively, should this Court deem a transfer is not appropriate, Defendants

respectfully request that this Motion be granted and an Order be entered compelling the following from Walker:

(1) Walker shall produce to Defendants any documents responsive to the Document Subpoena within fourteen (14) days. Those documents shall be produced in the manner and format provided by Rule 45(e)(1)(A)-(C).

(2) Walker shall appear for an in-person deposition at Fox Rothschild's Charlotte, North Carolina on a mutually agreed date and time within sixty (60) days from the completion of her document production.

Dated: January 6, 2026                                        Respectfully submitted,

                                                             **FOX ROTHSCHILD LLP**

*/s/ Camryn Rohr*
Camryn Rohr
N.C. State Bar No. 54881
101 S. Tryon Street
Suite 1700
Charlotte, NC 28280
crohr@foxrothschild.com

Nathan M. Buchter
(*Pro hac vice* application forthcoming)
2001 Market Street, Suite 1700
Philadelphia, PA, 19103
T: (215) 299-2000 / F: (215) 299-2150
nbuchter@foxrothschild.com

*Attorneys for Defendants Federal Express Corporation and Automotive Rentals, Inc.*

| **Index to Motion for a Rule 45(f) Transfer to the District of New Jersey or, Alternatively, to Compel Discovery from Non-Party Kellie Walker** | |
|---|---|
| Exhibit A | Subpoenas to Kellie S. Walker for Production and to Testify at a Deposition |
| Exhibit B | Affidavit of Service for the Subpoenas |
| Exhibit C | November 7, 2025 Letter to Defendants |
| Exhibit D | Defendants' November 20, 2025 Letter to Walker |
| Exhibit E | November 21, 2025 Email from Walker to Defendants |
| Exhibit F | December 17-18, 2025 Emails between Defendants and Walker |
| Exhibit G | Amended Complaint in *Almonte et al. v. Federal Express Corporation, et al.*, No. 1:23-cv-03224-KMW-MJS |
| Exhibit H | Declaration of Kellie S. Walker |
| Exhibit I | Third Amended Complaint in in *Nevada Fleet LLC v. Federal Express Corp., et al.*, No. 17-cv-01732-DAD-CSK (E.D. Cal) |
| Exhibit J | Motion for Leave to file Supplemental Authority in *Almonte et al. v. Federal Express Corporation, et al.*, No. 1:23-cv-03224-KMW-MJS |
| Exhibit K | Google Maps Screenshot |
| Exhibit L | Declaration of Nathan M. Buchter |

## ARTIFICIAL INTELLIGENCE CERTIFICATION

Pursuant to the Standing Order entered on June 18, 2024, in the United States District Court for the Western Division of North Carolina, docket number 3:24-mc-104, I hereby certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources.

I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at my direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

By: */s/ Camryn Rohr*
Camryn Rohr
FOX ROTHSCHILD LLP
N.C. State Bar No. 54881
101 S. Tryon Street
Suite 1700
Charlotte, NC 28280
crohr@foxrothschild.com

*Counsel for Defendants Federal Express Corporation and Automotive Rentals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Motion to Transfer to the District of New Jersey under Rule 45(f) or, Alternatively, To Compel Non-Party Kellie Walker Produce Responsive Documents and Appear for an In-Person Deposition, with exhibits and supporting brief, is being served on this day on Ms. Walker by depositing the same ***via first-class mail***, with an additional copy being sent to Ms. Walker ***via hand delivery***. I further certify that the foregoing documents are being served on this day on counsel for the plaintiffs in *Almonte et al. v. Federal Express Corporation, et al.*, No. 1:23-cv-03224-KMW-MJS (D.N.J.) ***electronically by consent***.

Executed on:   January 6, 2026              */s/ Camryn Rohr*
                                            Camryn Rohr